UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER GARAFOLA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No.: |
| | ) |
| JOHN PRUDENT, individually | ) |
| and in his official capacity and | ) |
| JEFF THARP, individually | ) |
| and in his official capacity; and | ) |
| RICHARD BERNARDINI | ) |
| | ) |
| WEST FRANKFORT, ILLINOIS, | ) |
| a municipal corporation; | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW, the Plaintiff, CHRISTOPHER GARAFOLA, by and through his attorney, Jarrod P. Beasley of Kuehn, Beasley & Young, P.C., and for his Complaint against the defendants, states as follows:

**(Count I – JOHN PRUDENT – 42 U.S.C. § 1983)**

1. That at all times mentioned herein, the Defendant, JOHN PRUDENT, was employed as a Captain for the West Frankfort Police Department.

2. That at all times mentioned herein, the defendant was acting under color of law and in his capacity as an officer for West Frankfort.

3. That on or about April 21, 2016, Christopher Garafola went with his girlfriend

to Crosswalk in West Frankfort to get produce.

4. Plaintiff stayed at his vehicle with his dog while his girlfriend got in line. Plaintiff was leaning against his car smoking a cigarette.

5. Defendants Prudent, Bernardini and Tharp approached Plaintiff for no legitimate reason and asked what he had in his hand. Plaintiff responded by telling Prudent he had cigarettes and a lighter. Prudent continued the unprovoked interrogation, asking to see plaintiff's hands. Plaintiff placed his hands out 3 times showing them to Prudent.

6. Finally, plaintiff reached on the roof of the car to get his drink. At that point, Prudent decided to taze him. The taze resulted in plaintiff falling to the ground.

7. While on the ground, plaintiff was kicked in the ribs by defendants.

8. Plaintiff was then handcuffed and taken to jail.

9. He was released late that evening.

10. Plaintiff reported to the hospital and was diagnosed with multiple broken ribs, contusions, lumps on his head, and pain in his right calf and wrists.

11. At no time did plaintiff resist or impede the Defendant and that Defendant, without any legal justification tazed him and kicked him causing severe physical damage.

12. That the aforementioned acts by the Defendant constituted grossly excessive

force in violation of the Plaintiff's fourth amendment rights.

13. That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the Defendant, Mr. Garafola suffered personal injury and pain and suffering, and will continue to experience pain and suffering.

WHEREFORE, the Plaintiff, Christopher Garafola, demands judgment against the Defendant, John Prudent, in an amount greater than FIFTY THOUSAND DOLLARS ($50,000.00), including costs, reasonable attorney fees, expert fees, punitive damages, costs and any further relief this Court deems just and proper.

### (Count II – JEFF THARP – 42 U.S.C. § 1983)

14. That at all times mentioned herein, the Defendant, Jeff Tharp, was employed as a detective for West Frankfort.

15. That at all times mentioned herein, the Defendant, Tharp, was acting under color of law and in his capacity as Detective for West Frankfort.

16. That on or about April 21, 2016, Christopher Garafola went with his girlfriend to Crosswalk in West Frankfort to get produce.

17. Plaintiff stayed at his vehicle with his dog while his girlfriend got in line. Plaintiff was leaning against his car smoking a cigarette.

18. Defendants Prudent, Bernardini and Tharp approached Plaintiff for no legitimate reason and asked what he had in his hand. Plaintiff responded by telling Prudent he had cigarettes and a lighter. Prudent continued the

unprovoked interrogation, asking to see plaintiff's hands. Plaintiff placed his hands out 3 times showing them to Defendants.

19. Finally, plaintiff reached on the roof of the car to get his drink. At that point, Prudent decided to taze him. The taze resulted in plaintiff falling to the ground.

20. While on the ground, plaintiff was kicked in the ribs by defendants.

21. Plaintiff was then handcuffed and taken to jail.

22. He was released late that evening.

23. Plaintiff reported to the hospital and was diagnosed with multiple broken ribs, contusions, lumps on his head, and pain in his right calf and wrists.

24. At no time did plaintiff resist or impede the Defendants and that Defendants, without any legal justification tazed him and kicked him causing severe physical damage.

25. That the aforementioned acts by the Defendants constituted grossly excessive force in violation of the Plaintiff's fourth amendment rights.

26. That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the Defendant, Mr. Garafola suffered personal injury and pain and suffering, and will continue to experience pain and suffering.

WHEREFORE, the Plaintiff, Christopher Garafola, demands judgment against the Defendant, Jeff Tharp, in an amount greater than FIFTY THOUSAND DOLLARS

($50,000.00), including costs, reasonable attorney fees, expert fees, punitive damages, costs and any further relief this Court deems just and proper.

### (Count III – Richard Bernardini – 42 U.S.C. § 1983)

27. That at all times mentioned herein, the Defendant, Bernardini, was employed as a detective for West Frankfort.

28. That at all times mentioned herein, the Defendant, Bernardini, was acting under color of law and in his capacity as Detective for West Frankfort.

29. That on or about April 21, 2016, Christopher Garafola went with his girlfriend to Crosswalk in West Frankfort to get produce.

30. Plaintiff stayed at his vehicle with his dog while his girlfriend got in line. Plaintiff was leaning against his car smoking a cigarette.

31. Defendants Prudent, Bernardini and Tharp approached Plaintiff for no legitimate reason and asked what he had in his hand. Plaintiff responded by telling Prudent he had cigarettes and a lighter. Prudent continued the unprovoked interrogation, asking to see plaintiff's hands. Plaintiff placed his hands out 3 times showing them to Defendants.

32. Finally, plaintiff reached on the roof of the car to get his drink. At that point, Prudent decided to taze him. The taze resulted in plaintiff falling to the ground.

33. While on the ground, plaintiff was kicked in the ribs by defendants.

34. Plaintiff was then handcuffed and taken to jail.

35. He was released late that evening.

36. Plaintiff reported to the hospital and was diagnosed with multiple broken ribs, contusions, lumps on his head, and pain in his right calf and wrists.

37. At no time did plaintiff resist or impede the Defendants and that Defendants, without any legal justification tazed him and kicked him causing severe physical damage.

38. That the aforementioned acts by the Defendants constituted grossly excessive force in violation of the Plaintiff's fourth amendment rights.

39. That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the Defendant, Mr. Garafola suffered personal injury and pain and suffering, and will continue to experience pain and suffering.

WHEREFORE, the Plaintiff, Christopher Garafola, demands judgment against the Defendant, Jeff Tharp, in an amount greater than FIFTY THOUSAND DOLLARS ($50,000.00), including costs, reasonable attorney fees, expert fees, punitive damages, costs and any further relief this Court deems just and proper.

### (Count IV – West Frankfort – Indemnification)

40. Plaintiff hereby adopts and incorporates the allegations of paragraphs 1 through 39 of Counts I through III as if fully set forth herein.

41. Pursuant to 745 ILCS 10/9-102, the County is required to pay any tort

judgment or settlement for compensatory damages of its employee while acting within the scope of his employment.

42. Defendants were acting in the course and scope of their employment at all times referenced in the Complaint.

43. West Frankfort is an indispensable party to this litigation under Federal Rule 19.

WHEREFORE, the Plaintiff, demands judgment against the defendant West Frankfort for the amount of any judgment entered against defendants in Count I through III and for such further relief as this Court deems just and proper.

Respectfully Submitted,

/s Jarrod P. Beasley
Jarrod P. Beasley #6274536
Attorney for Plaintiff
Kuehn, Beasley & Young, P.C.
23 S. First St.
Belleville, IL 62220
Phone: 618.277.7260
Fax: 618.277.7718